CHARLES GROSCH, Respondent, v. KAROLINE KESSLER, Appellant.

(Argued May 22, 1931; decided June 2, 1931.)

W. L. *Crawford* and *William A. Bacher* for appellant. The plaintiff has failed to prove that the deeds were forged. (*People* v. *Holmes*, 166 N. Y. 540; *Vrooman* v. *King*, 36 N. Y. 477; *Williams* v. *Williams*, 142 N. Y. 156; *Spalding* v. *Hallenbeck*, 35 N. Y. 204; *New York Water Co.* v. *Crow*, 110 App. Div. 32; 187 N. Y. 516; *Hallohan* v. *Rempe*, 66 Misc. Rep. 27.)

*Odin Gustafson* and *Joseph J. Shapiro* for respondent. The evidence permits no other conclusion but that the deeds were forgeries. The finding of the Appellate Division to that effect must be sustained. (*Nickell* v. *Tracy*, 184 N. Y. 387.) There is no basis to defendant's claim for taxes. (*Dunham* v. *Townshend*, 118 N. Y. 281; *People ex rel. Warschauer* v. *Dalton*, 159 N. Y. 235; *Stemmler* v. *Mayor*, 179 N. Y. 473; *People* v. *Flack*, 216 N. Y. 123; *Kennedy Corp.* v. *Kennedy*, 165 N. Y. 353; *New York Bank Note Co.* v. *Hamilton*, 180 N. Y. 280; *Martin* v. *Home Bank*, 160 N. Y. 190.)

*Per Curiam.* The preponderance of evidence sustains the finding of the Appellate Division that the deeds recorded in 1904 from Weeks to Medary and from Weeks to Barney, were forgeries and void.

The defendant, who received a conveyance in 1913, was a purchaser for value and in good faith. The plaintiff seeks the aid of equity, and must submit to the condition that he do equity himself. There must be reimbursement to the defendant for any moneys expended by her in the discharge of assessments for improvements (*Thomas* v. *Evans*, 105 N. Y. 601, 612, 613; *Mickles* v. *Dillaye*, 17 N. Y. 80, 86; *Satterlee* v. *Kobbe*, 173 N. Y. 91, 99). The effect of such payments is an equivalent enhancement of the value of the land. If the assessments had not been paid by the defendant, the plaintiff would have had to pay them, or to leave them as liens

upon the land with a proportionate reduction of the value of the equity (*Loos* v. *Wilkinson*, 113 N. Y. 485, 499; *Title G. & T. Co.* v. *Haven*, 214 N. Y. 468; *Frank* v. *Van Bayer*, 236 N. Y. 473). There must also be reimbursement for the annual taxes except to such extent as taxes are offset by the reasonable value of the use and occupation (*Thomas* v. *Evans*, *supra; Loos* v. *Wilkinson*, *supra*).

The judgment of the Appellate Division should be modified by requiring the plaintiff to reimburse the defendant for the moneys expended by her in discharge of assessments for improvements, and also for the annual taxes in excess of rental value; by remitting the case to the trial court to ascertain and determine how much is due to the defendant by force of the condition thus imposed, and to impress the amount so found to be due as a lien upon the land; and as thus modified the judgment should be affirmed without costs.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.