LAURENCE B. HALLERAN, Appellant, v. SAVERIA MANZIONE and Others, Defendants, and FLORENCE M. KIMBALL (Formerly Known as FLORENCE M. GRIFFIN), Individually and as Administratrix, etc., of GEORGE GRIFFIN, Deceased, HOWARD R. GRIFFIN, an Infant, by MARY A. FERLAZZO (Formerly Known as MARY A. GRIFFIN), His Guardian ad Litem, MARY A. FERLAZZO (Formerly Known as MARY A. GRIFFIN) and HENRY ALBERT GRIFFIN, Respondents.— Order, denying plaintiff's motion to strike out the five separate defenses pleaded in the answer of defendants Florence M. Kimball (formerly known as Florence M. Griffin), individually and as administratrix, etc., Howard R. Griffin, an infant, by Mary A. Ferlazzo, his guardian ad litem, and Mary A. Ferlazzo, and the sixth separate defense pleaded in the answer of defendant Henry Albert Griffin, modified by providing that the motion be granted as to paragraph tenth contained in the fourth defense, and as to the fifth defense in the answer of the defendants Florence M. Kimball and others; and by providing that the sixth defense contained in the answer of defendant Henry Albert Griffin be permitted to stand as a partial defense. As thus modified, the order is affirmed, with ten dollars costs and disbursements to the appellant. No opinion. Carswell, Adel, Taylor and Close, JJ., concur; Lazansky, P. J., concurs in the modification except as to striking out the fifth defense in the answer of the respondents Kimball and others, and as to that defense dissents and with respect thereto votes to affirm the order appealed from, being of opinion that said defense is valid. [166 Misc. 679. See *post*, p. 1003.]

MARGARET HEGEMAN, Respondent, v. SEYMOUR HEGEMAN and HAROLD PIERCEY, Defendants; STEVE HEGEMAN, Appellant.— The plaintiff was a passenger in a taxicab and was injured when the taxicab was struck by a truck. The action is to recover damages for personal injuries. The persons sued are the owner of the taxicab, the driver of the taxicab, and the owner of the truck. The driver of the taxicab is the plaintiff's husband, and the owner thereof is the plaintiff's son, who appeals from a judgment in favor of plaintiff. Judgment entered on the verdict of a jury in favor of plaintiff reversed on the law and the facts and a new trial granted, costs to abide the event. In the interests of substantial justice there should be a new trial because of the reference in the testimony to an insurance company representative and the omission of the trial justice to charge, as requested, that the defendants Hegeman were under no duty to produce the defaulting codefendant as a witness. Lazansky, P. J., Johnston, Adel, Taylor and Close, JJ., concur.

NORA KRAMER, Appellant, v. SIDNEY DAVID KRAMER, Respondent.— Appeal from a resettled order in so far as it denies plaintiff's application for counsel fees to prosecute an appeal from a judgment of separation. Order affirmed, without costs. No opinion. Hagarty, Carswell, Johnston and Taylor, JJ., concur; Lazansky, P. J., not voting.

NORA KRAMER, Appellant, v. SIDNEY DAVID KRAMER, Respondent.— Action for a separation brought by plaintiff wife against the defendant husband. Judgment for the plaintiff, in so far as appealed from, unanimously affirmed, without costs. No opinion. Present — Hagarty, Carswell, Johnston and Taylor, JJ.; Lazansky, P. J., not voting.