NATHAN SLUD et al., Respondents, v. GUILD PROPERTIES, INC., Appellant, et al., Defendants.— Appeal from so much of an order of Supreme Court, Sullivan County, as denies defendant's motion to dismiss the complaint. Appellant Guild Properties, Inc., bought for $37.05 at a tax sale in 1944 a tax lien on real property in Sullivan County and obtained a tax deed in September, 1947. The tax sale was based on a 1942 assessment. The record owner in 1942 was the H. B. G. Holding Corporation. In July, 1947, plaintiff Kiamesha Development Corporation became the record owner from a grantor having title, and maintains this action to declare the tax deed void and to quiet the title; or in the alternative to impress a lien for the value of $100,000 worth of improvements alleged to have been made by it in the property and "permitted" by the defendant owner of the tax title. The court at Special Term, in a careful and thorough opinion, has denied a motion to dismiss the complaint and has held that it presents

triable issues, and we think the motion was soundly decided. A number of defects in the assessment are alleged which in isolation might be disregarded as a matter of law, but which in their totality seem to us to present a question of fact as to the validity of the assessment. Besides this, the "permission" to make extensive improvements as alleged, must now be given every favorable intendment of meaning in support of the complaint. Whether there was such a permission is an issue of fact and whether, if such permission be found, there would be an estoppel against the owner of the tax title from asserting its right to the benefit of the improvements would be a question to decide under equitable principles on a plenary inquiry. It ought not be decided negatively, at least, on the face of a pleading. We think the Special Term was right in its view. Order affirmed, with $10 costs and disbursements. Appellant's motion to strike out certain matter in respondents' brief here granted as to the characterizations of purchasers of tax liens in the quoted passages on pages 10 and 14 of respondents' brief and it is otherwise denied. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part. [See 281 App. Div. 776.]