Kiamesha Development Corporation, Respondent, et al., Plaintiff, v. Guild Properties, Inc., Appellant, et al., Defendants.

Third Department, July 24, 1957.

*George H. Rosen* for appellant.

*Bernard Wiess* and *Lawrence E. Lagarenne* for respondent.

GIBSON, J.   Respondent sued to cancel a tax deed executed to appellant by the County Treasurer of Sullivan County and to quiet title to the premises purportedly conveyed thereby, or, in the event such deed should not be adjudged void, to enjoin appellant from asserting any claim to said premises unless payment be made to respondent for the value of certain improvements made by it.   A motion to dismiss the complaint was denied at Special Term and the order of denial affirmed in this court.   (*Slud* v. *Guild Properties*, 6 Misc 2d 188, affd. 280 App. Div. 1018, motion for reargument or leave to appeal denied 281 App. Div. 776.)   The trial court found for respondent on the first cause of action, that to cancel the tax deed and to quiet title, and gave judgment accordingly.   The decision below also found for plaintiff on the issues of the second cause of action, which we had previously held one to impress a lien for the value of improvements made (*Slud* v. *Guild Properties, supra*), the amount being, as we construe the pleading, that by which the improvements enhanced the value of the property.   The second cause of action being alternative to the first, the trial court did not award judgment thereon and, in fact, proof of the value of the improvements had been deferred, pursuant to stipulation, until after determination of the issues.

H. B. G. Holding Corporation was the owner of a parcel of approximately 50 acres which on July 26, 1944 was sold for unpaid taxes of $37.05 for the year 1942.   On August 23, 1944 a certificate of sale was issued to Guild Properties, Inc., although appellant was not so incorporated until shortly after that time.   Newspaper publication of notice to redeem on or before July 26, 1945 was made.   A tax deed was issued to appellant on September 4, 1947 and was recorded on September 9, 1947.   This action was commenced on July 3, 1950, more than two years later.   Meanwhile, by deed dated June 18, 1947, H. B. G. Holding Corporation conveyed the parcel to Slud who, by deed of July 23, 1947, conveyed it to respondent.   The trial court has found that upon the assessment roll and in the notice of sale, notice of redemption and tax deed the parcel was erroneously described with respect to the name of the owner, the patent subdivision lot number and, in part, the westerly

boundary. These errors, " taken in totality ", have been found to be jurisdictional defects which the court held voided the sale and subsequent tax deed and were not saved by section 131 of the Tax Law providing a presumption of regularity which shall be conclusive after two years from the date of the record of such conveyance. Even if the errors or defects are considered jurisdictional, we deem applicable " the two-year time limitation prescribed by sections 131 and 132 of the Tax Law, which bar actions to cancel deeds stemming from jurisdictional defects as well as from mere irregularities (*Meigs* v. *Roberts,* 162 N. Y. 371), since that time limitation begins to run from the date of recording (see *Bryan* v. *McGurk,* 200 N. Y. 332).'' (*Werking* v. *Amity Estates,* 2 N Y 2d 43, certiorari denied 353 U. S. 933.) Although it is urged that the statement quoted was unnecessary to the decision of the *Werking* case, the language is clear and unequivocal and in view of the uncertainty which, in some degree at least, had previously surrounded the question, must be deemed an authoritative expression of the rule. Respondent's judgment on its first cause of action must, therefore, fall.

As has been noted, the trial court, in its decision, found that the second and alternative cause of action had also been sustained. The evidence amply supports the court's findings that appellant knew that taxes levied from time to time subsequent to the sale were being paid by some one other than itself; that it knew, in 1948, of the conveyance to Slud and, in January or February, 1949, of the recording of Slud's deed to respondent; and that, early in 1948, it knew that the construction of improvements upon the premises had begun. Indeed, only the most credulous mind could reject the conclusion that appellant's officer and stockholder, a lawyer practicing in this small community, and passing, on occasion at least, within view of the premises, was fully aware of the improvements in process and which, it is alleged, were performed " to the extent of more than $100,000 ''. It is conceded that appellant remained silent and did nothing which might lead respondent to halt the construction which the trial court properly found was undertaken and continued by respondent in the honest belief that it possessed good title. Here, clearly, the omission to speak was either " intentional or in negligent disregard of the plain dictates of conscience and justice '' and thus contravened " the principles of natural justice '' which in such case call for protection of the innocent. (*Thompson* v. *Simpson,* 128 N. Y. 270, 291.) " Undoubtedly mere silence may sometimes found an estoppel, but it must be when there is a duty and opportunity to speak,

when silence either is or operates as a fraud to the consciousness of the party who does not speak, and when he knows or ought to know that some one is relying upon his silence and will be injured by that silence." (*Collier* v. *Miller,* 137 N. Y. 332, 339.) The omission to speak in such case constitutes fraud. (*Levinson* v. *Myers,* 100 Misc. 379, affd. 188 App. Div. 946.) It follows that, under such circumstances, equitable relief in some form will be accorded. (*Halleran* v. *Manzione,* 166 Misc. 679, mod. 257 App. Div. 852, affd. 281 N. Y. 845; *Grosch* v. *Kessler,* 256 N. Y. 477; *Thomas* v. *Evans,* 105 N. Y. 601; *Levinson* v. *Myers,* 100 Misc. 379, affd. 188 App. Div. 946, *supra;* Restatement, Restitution, § 40; § 42, comment b.)

We find untenable appellant's contention that such a remedy may be interposed only by way of counterclaim or defense in a suit in equity brought by the legal owner. It is true that in a number of cases the right to relief has been asserted by way of defense in actions brought in equity and that, in some of those cases, there has been expression of the principle that one seeking the aid of equity " must submit to the condition that he do equity himself ". (*Grosch* v. *Kessler,* 256 N. Y. 477, 478, *supra.*) In the case cited, however, there was no intimation of fraud and we perceive no reason, under the circumstances shown here, to recognize fraudulent conduct as an affirmative defense while denying it affirmative effect as a cause of action. Surely the equitable power of the court may not thus be frustrated and inequity compounded by delay and the uncertainty of appellant's pleasure as to commencing litigation. In *Levinson* v. *Myers* (100 Misc. 379, 385, *supra*) it was said that the provisions of section 1531 [now 1011] of the Civil Practice Act (permitting, in an action for the recovery of real property, allowance of the value of improvements made in good faith, up to the amount of plaintiff's recovery for rents and profits) did not apply " where the decision turns upon an issue of fraud ". The same principle seems applicable to appellant's argument that respondent's defense may be interposed only in an equitable action.

Unwarranted is appellant's reliance upon *Moody* v. *Seabro Corp.,* (303 N. Y. 858) where, as disclosed by the record on appeal, the complaint was dismissed, at the close of plaintiff's case, for a complete failure of proof. Appellant relies, also, on *Elar Development Co.* v. *County of Sullivan* (279 App. Div. 949, motion for leave to appeal denied 304 N. Y. 986). There, however, some importance was assigned the publication of notice to redeem which in that case was made during the

period of plaintiff's ownership and thus was notice to him, while here the notice preceded respondent's acquisition of title. The *Elar* case also stated the general rule that " silence alone will not ordinarily create an equitable estoppel " but, in the light of the pleading there considered, including the allegations of plaintiff's reliance upon an erroneous statement by the County Treasurer, it was unnecessary to state the recognized qualifications of that principle, that when there is silence in the face of a duty to speak the rule is otherwise and that that duty arises when one " knows or ought to know that some one is relying upon his silence and will be injured by that silence ". (*Collier* v. *Miller,* 137 N. Y. 332, 339, *supra.*)

Appellant asserts that respondent had constructive knowledge of the tax proceedings and contends that this forbade the court's finding of good faith on the part of respondent in making improvements. Similarly, it is urged that the recording of the tax deed to appellant, although after the deed to respondent had been recorded, constituted constructive knowledge inconsistent with a finding of good faith in improving the premises after that date. Constructive knowledge does not necessarily or logically negate the existence of good faith, particularly when except for fraudulent concealment there would be actual knowledge rendering good faith and reliance impossible. A finding of " good faith without *actual* notice " will support recovery. (See *Mickles* v. *Dillaye,* 17 N. Y. 80, 84; *Canal Bank* v. *Hudson,* 111 U. S. 66; *Green* v. *Biddle,* 21 U. S. [8 Wheat.] 1.)

Various authorities cited by appellant, and which were carefully distinguished by the Special Term on denial of the motion to dismiss (6 Misc 2d 188, *supra*) turned largely on actual knowledge or on the effect of the recording acts. The latter did not bind respondent whose deed was first recorded.

We find that the trial court's decision properly found that the proof sustained all of the elements of respondent's second cause of action, except as to the amount by which the improvements enhanced the value of the premises (*Thomas* v. *Evans,* 105 N. Y. 601, 615, *supra,* and see *Grosch* v. *Kessler,* 256 N. Y. 477, 478, *supra*), proof as to that element having been deferred, pursuant to stipulation.

The judgment should be reversed, on the law and the facts, and the first cause of action set forth in the complaint dismissed, without costs, and the case remitted to the Trial Term to take proof, under the second cause of action set forth in the complaint, of the amount by which the value of the premises was enhanced by the improvements constructed thereon by respondent from the date appellant first had knowledge that such im-

provements had been commenced, to the date upon which respondent first had actual notice of appellant's title or claim thereto, and to render judgment accordingly, with costs to respondent to abide the result.

FOSTER, P. J., BERGAN and HALPERN, JJ., concur.

Judgment reversed, on the law and the facts, and the first cause of action set forth in the complaint dismissed, without costs, and case remitted to the Trial Term to take proof, under the second cause of action set forth in the complaint, of the amount by which the value of the premises was enhanced by the improvements constructed thereon by respondent from the date appellant first had knowledge that such improvements had been commenced, to the date upon which respondent first had actual notice of appellant's title or claim thereto, and to render judgment accordingly, with costs to respondent to abide the result. Settle order.

[See *post*, p. 845.]