(April 20, 1989)

1 RICHARD LEY et al., Appellants, v ROY INNIS et al., Respondents.—Order, Supreme Court, New York County (Jac-

queline W. Silbermann, J.), entered on or about October 18, 1988, which *inter alia,* denied plaintiffs' motion for summary judgment and, *sua sponte,* granted defendant Dennison 60 days to amend her answer to plead estoppel as a counterclaim, unanimously modified, on the law, to grant plaintiffs' motion with respect to the first cause of action seeking immediate possession of the premises, to vacate the provision permitting amendment of the answer to assert a counterclaim in estoppel and, except as thus modified, affirmed, without costs or disbursements.

Plaintiffs, the record owners of a brownstone located at 219 W. 137th Street since 1968, seek to recover possession of the premises, which are occupied by defendant Dennison, who has been in possession since November 1971. The last lease for the premises was executed in March 1977. Nothing has been paid on account of rent or use and occupancy since October 1977. Dennison continues in possession without plaintiffs' permission. Plaintiffs commenced this action alleging trespass, wrongful taking and unlawful possession. They allege that Dennison and another, who had rented an upstairs apartment, took possession of the basement and converted it to their own use, replaced all the locks in the premises, later took over the second apartment and thereafter rented the three units to various parties and collected the rents for themselves, locking out plaintiffs in the process.

Plaintiffs are entitled to summary judgment awarding them possession of the subject premises since they are the rightful owners thereof and the defenses asserted—Statute of Limitations, adverse possession and estoppel—are, as a matter of law, without merit. The Statute of Limitations to recover possession of real property is 10 years. (CPLR 212 [a].) Dennison concedes she is still in possession. The action was commenced in June 1986. Thus, the Statute of Limitations could not have run. Dennison's claim of adverse possession is barred by RPAPL 531. She entered the premises as a tenant and, thus, her possession was not adverse. *(See, Gallea v Hess Realty Corp.,* 128 AD2d 274, *affd* 71 NY2d 999.) The 10-year Statute of Limitations only begins to run after termination of the written lease. (RPAPL 531.) Until then the presumption of nonadversity is conclusive. *(Gallea v Hess Realty Corp., supra,* at 277.) Nor can Dennison prevail on her claim of estoppel since she entered the premises pursuant to a lease and has continually recognized plaintiffs as her landlords. *(Slud v Guild Props.,* 6 Misc 2d 188, *affd* 280 App Div 1018.)

Moreover, plaintiffs have repeatedly and openly asserted

their rights to the premises. That they have failed in their effort to recover possession is not due, in any way, to their standing by silently while Dennison purportedly made improvements to the premises.

Finally, we note that it was error to grant, *sua sponte,* leave to Dennison to amend her answer "to state a cause of action in estoppel." Dennison's estoppel argument was asserted as a defense, not a counterclaim. In any event, as already noted, the claim is without merit. Accordingly, we vacate the provision permitting such amendment.

Plaintiffs' other claims, including their cause of action for use and occupancy, as well as Dennison's counterclaim for the sums allegedly expended in making improvements, are matters for resolution at trial. Concur—Murphy, P. J., Sullivan, Asch, Kassal and Wallach, JJ.