### Dike and others *vs.* Lewis.

In order to take a person's unoccupied land from him, for the non-payment of a tax, the law requires that if the township, patent, or tract of which it is a part, has been subdivided into lots, such land shall be assessed by the *number* of the lot, if that can be ascertained.

If assessors assess a lot belonging to a non-resident, by a *wrong number*, and it is advertised and sold by such wrong number, the rights of the owner will not be defeated by the sale ; nor will any title pass to the purchaser, by the comptroller's deed.

Dike *v.* Lewis.

THIS was an action of ejectment, tried at the Essex circuit, in June, 1847.

The land in dispute is situate in the towns of Elizabeth-town and Lewis. It was proved on the part of the plaintiffs, that as early as 1811, the "*Iron Ore Tract*," in which the premises in question are situate, was surveyed and subdivided into lots by Silas D. Kellogg. That according to the field book and map made by him, and filed in the office of the surveyor general, the land in question was lot No. 227. It was also proved that that lot was by letters patent granted to Ephraim Morgan, on the 16th day of June, 1819, and that the plaintiffs had succeeded to his rights. It was also proved on the part of the plaintiffs, that lot No. 228, in the same tract, was by letters patent, granted to Jonas Morgan, in the year 1819, and that at the time this action was commenced, the defendant had men at work on the premises in question, and had before cut wood and timber thereon. On the part of the defendant it was proved, that the land claimed by the plaintiffs had been called and known as lot No. 228, in the town of Elizabethtown. That the assessors of that town had put it in their assessment rolls as lot No. 228, and that it had been returned to the comptroller's office by the collector of that town, described as follows:

"Morgan, Ephraim. Lot No. 228. Bounded north by D. Brainard, and south by A. Mitchell, formerly owned by Jonas Morgan.

| Acres. | Value. | Tax. |
|---|---|---|
| 201 | 300 | $2,48. |
| Rejected Tax of 1823, | | $2,49." |

It was also proved on the part of the defendant, that the lot claimed by the plaintiffs is bounded on the north and south as above described, and that the lot claimed by the plaintiffs contains 201 acres. And it was also proved that, according to the said field book and map, of the original survey of the Iron Ore Tract, lot 227 contains $201\frac{2}{100}$ acres, and that lot No. 228 contains only 93 acres.

The defendant gave in evidence, the record of a deed made on the 29th day of May, 1832, by Silas Wright, comptroller of the state of New-York, to Richard P. Hart, of several parcels of land, and reciting a tax sale in the months of April and May, 1830. One parcel of land, conveyed therein, was described as follows : " One hundred and twenty acres, to be laid out at the expense of the party of the second part, and in a square as nearly as may be, in the northwest corner of 201 acres, being what was taxed and returned to the comptroller's office as lot No. 228, assessed to Ephraim Morgan ; bounded north by D. Brainard, south by A. Mitchell, formerly owned by Jonas Morgan ; said lot being in the Iron Ore Tract." The circuit judge held, that under the deed from the comptroller, the title to no part of the lot which was in fact lot No. 227 passed. That if any title passed by the comptroller's deed, it was to lot No. 228. And that therefore, the plaintiffs were entitled to recover. The jury, under the charge of the court, found a verdict for the plaintiff; and the defendants now move for a new trial, upon a case.

*B. Pond,* for the plaintiffs.

*O. Kellogg,* for the defendants.

*By the Court,* CADY, P. J. The only question in this case is, whether Richard P. Hart acquired title to any part of lot 227, under the comptroller's deed ? A part of the description in the comptroller's deed is applicable to lot 227. That lot is bounded on the north and south as is described in the comptroller's deed. But the description in that deed is false as to the remainder, and as to the fact that it ever belonged to Jonas Morgan. He did formerly own lot No. 228. By the 10th section, chapter 262, of the laws of 1823, page 353, it is made the duty of the assessors in each town, in relation to lands not owned, or occupied by persons residing in such town, " if the township, patent, or tract be subdivided into lots, and if they can obtain a map, or any correct information of such subdivis-

Dike *v.* Lewis.

ion, to put down in their assessment rolls all the tracts, pieces and parcels of land in such township, patent or tract, not occupied nor owned by persons residing in the town where such township, patent or tract is situate, in numerical order, beginning at the lowest number, and proceeding regularly to the highest, without respect to *any owner.*" The Iron Ore Tract had been subdivided into tracts as early as 1811. A map had been made of such subdivision, and filed in the surveyor general's office. The assessors might have obtained a copy of the map. They might have obtained correct information as to the subdivisions of the said tract, and it was their duty to do so. And the town which they represent, not the non-resident owner of the land, is to suffer by their negligence. The number of the lot, if that can be ascertained, is the only designation which by law is made necessary, as to lands not occupied. And if the assessors assess a lot by a *wrong* number, the non-resident owner may be misled. If he has the comptroller's advertisement for the sale of lands for taxes, and on comparing the numbers in the advertisement with the number in his grant, he does not discover his lot advertised, he knows that the law requires his lot to be advertised by its number, and he may not know it by any other designation. He may not know the names of the persons who occupy the adjoining lands. In order to take a man's unoccupied lands from him for the nonpayment of a tax, the law requires that it shall be assessed by its number, if that can be ascertained. Lot No. 227 has not been assessed, advertised, or sold by its number. And the plaintiffs have not been defeated by the sale of lot 228. The motion for a new trial must, therefore, be denied.