JOHN CALLAHAN and EDWARD DEAN, Respondents, v. MARY E. UNDERWOOD, Appellant, Impleaded with BOARD OF SUPERVISORS OF THE COUNTY OF BROOME and COUNTY OF BROOME, Defendants.

Third Department, July 2, 1940.

*Urbane C. Lyons*, for the appellant.

*Harry Kantor*, for the respondents.

*C. L. Chamberlain*, for the defendants Board of Supervisors of the County of Broome and County of Broome.

FOSTER, J. This action was commenced to compel a determination of a claim to real property under article 15 of the Real Property Law. The appeal herein is from a judgment in favor of the plaintiffs, who claim title as the grantees of a former record owner. The defendant Mary E. Underwood is the grantee of the board of supervisors of Broome county, who acquired title from the county treasurer following a tax sale held in 1934.

Chronologically the record facts are these: The premises were conveyed by Alexander Miller and his wife to Renaldo Fanciulli

and his wife by deed dated November 16, 1933, and recorded in the Broome county clerk's office on January 20, 1934. Thereafter and on October 10, 1934, the premises were sold at a public tax sale for unpaid taxes of 1933. On February 10, 1936, the treasurer of Broome county conveyed the premises to the board of supervisors of such county, and this deed was recorded March 11, 1936. On August 4, 1936, Renaldo Fanciulli and his wife conveyed the premises to the plaintiffs, and this deed was recorded August 7, 1936. On January 12, 1939, the board of supervisors of Broome county conveyed the premises to the defendant Mary E. Underwood, and her deed was recorded the same day.

At the time Fanciulli recorded his deed from Miller he paid back taxes assessed against the premises for the years 1930, 1931 and 1932. He also claims that he then made an inquiry at the county treasurer's office as to all back taxes. On that date, however, January 20, 1934, there was no return of unpaid 1933 taxes in the treasurer's office as the rolls were still in the hands of the collector. Again on August 7, 1936, when Fanciulli sold the property to the plaintiffs, he claims that he inquired at the treasurer's office concerning back taxes and was told that they had been paid. From the foregoing recital it may be observed that if Fanciulli had exercised due diligence he should have known that the 1933 taxes were not then paid.

One of the plaintiffs, Mr. Callahan, also claims that on August 9, 1937, when he paid taxes for the years 1935 and 1936, he inquired as to whether there were any other taxes due and was informed in the negative. His inquiry, however, was limited to property assessed under his name and that of the other plaintiff, Mr. Dean. After this inquiry he received, according to his own admission, a notice that the 1933 taxes had not been paid. Despite this notice neither he nor the coplaintiff made any further inquiry at the county treasurer's office until after the property had been purchased by the defendant Underwood in 1939. The efficacy of this notice is challenged on the ground that it was signed by the special tax attorney and did not comply with the provisions of the Tax Law with relation to the service of a notice to redeem (§ 134). Doubtless the statute should be substantially complied with by both the taxing authority and the tax sale purchaser, but any question as to the validity of the particular notice involved here becomes of no importance in view of the statutory bar which we think applies to this case.

The premises were sold for taxes on October 10, 1934. The owner or occupants had the right to redeem at any time within a year from the date of this sale (Tax Law, § 127), and a notice of

redemption was required to be published at least six weeks prior to the expiration of the year. (§ 130.) It is conceded that such notice was properly published. In addition the occupants had the right to redeem at any time within two years from the expiration of the first year period. (§ 137.) The effect of these two sections was to give the occupants herein three years in which to redeem. Their failure to do so under the language of section 137 made the sale and conveyance to the county absolute. This was so even though there was a failure to serve a notice to redeem. (*Mabie* v. *Fuller*, 255 N. Y. 194.)

The other limitation that applies is found in both sections 131 and 132 of the Tax Law, and provides in substance that after two years from the date of record of the tax conveyance the presumption of regularity as to all prior proceedings becomes conclusive. (All of the sections cited herein are made applicable to tax sales by county treasurers under section 158.) This limitation applies even though there may have been negligence on the part of the taxing or administrative authority in failing to state correctly the amount of taxes due. (*Mongaup Valley Co., Inc.*, v. *Orange Rod & Gun Club, Inc.*, 253 App. Div. 465.) In this case the tax deed to the county was recorded March 11, 1936, and the presumption of regularity became conclusive two years after that date and long before the conveyance to the defendant Mary E. Underwood. She, therefore, received a good title from the county.

In view of the undisputed facts the judgment should be reversed on the law and the facts, with costs, and judgment granted in favor of the defendants dismissing the complaint, with one bill of costs.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed on the law and facts, with costs, and judgment granted in favor of the defendants dismissing the complaint, with one bill of costs.