LOUIS J. SELZER, Respondent, *v.* JOHN BAKER, Defendant, and MARY B. SELZER, Appellant.

Third Department, June 29, 1945.

Lee, Gallagher & Lee, attorneys (David F. Lee of counsel), for appellant.

Joseph P. Reynolds, attorney for respondent.

HEFFERNAN, Acting P. J. This action was brought to determine the ownership of a farm located in Madison County, New York. The validity of a tax deed to defendant Baker and a quitclaim deed to appellant Selzer is involved.

On October 17, 1940 at a tax sale in Madison County defendant Baker purchased the premises in question and received a certificate of sale from the County Treasurer on that day. On November 15, 1941, the county treasurer executed and delivered to Baker a tax deed of the premises. Apparently all the proceedings up to and including the delivery of the tax deed were valid.

The delivery to and possession of the tax deed by Baker did not make his title absolute and conclusive. The owner still had the right to redeem the property by paying the taxes and certain penalties incurred as provided by sections 127, 134 and 137 of the Tax Law. The grantee named in the deed however had the right to limit the time within which the owner could redeem by serving notice on the occupant as provided by section 134. The sections cited are made applicable to tax sales by county treasurers by section 158 of the Tax Law.

On September 27, 1943, Baker executed a deed of these premises to appellant Selzer who paid to him at that time the amount of the unpaid taxes and on the same day she caused to be recorded in the county clerk's office the tax deed and also the quit claim deed delivered to her by Baker.

On October 26, 1943, respondent paid to the county treasurer $275.20 representing the unpaid taxes on the premises. That payment was made exactly three years and nine days from the date the property was sold and the certificate therefor was executed.

On April 7, 1943, it is claimed Baker served a notice on respondent to redeem the premises. Respondent had one year from October 17, 1940, in which to redeem this property from the unpaid taxes. (Tax Law, § 127.)

On May 6, 1943, Baker filed in the Madison County Treasurer's Office a copy of the notice with purported proof of service. This

notice bore no signature. In addition the notice was served by registered mail on respondent and personal service was not made within the time provided by law.

It is conceded that the notice filed by Baker in an attempt to conform to section 134 of the Tax Law is entirely ineffective. That notice was a nullity. The law is well settled that the alleged owner of property cannot redeem the same sold for taxes when three years have expired from the date of the sale of the property. (*Mabie* v. *Fuller*, 255 N. Y. 194; *Callahan* v. *Underwood*, 260 App. Div. 352, affd. 285 N. Y. 620.) Everyone is presumed to know the Tax Law and that his land can be sold for nonpayment of taxes. It is the duty of the landowner to see that the taxes upon his land are paid within the statutory time. If he fails, the law gives him in the case of occupied land three years from the last day of the sale within which to redeem. If he fails to exercise his right in that respect the grantee's title becomes absolute.

In its decision the trial court found that respondent is the owner of the premises involved in this action and is entitled to a judgment declaring void the tax deed to Baker and the deed given by Baker to appellant. The trial court also dismissed the complaint as to Baker and from that decision no appeal has been taken but from the judgment rendered against appellant the latter has come to this court.

The trial court in its decision held that if there had been no notice served by Baker on respondent the tax deed to appellant would have become absolute. The court below held that the facts surrounding the so-called notice of redemption constituted an equitable estoppel. As we have already noted the notice served by Baker was not served in accordance with law and did not conform to the provisions of the Tax Law. That notice did not mislead respondent. It is clear that respondent did not rely on it. Instead he testified that a month or six weeks before October 26, 1943, and before the three years following the date of the tax sale had expired he asked the county treasurer how long he had in which to redeem the property. The county treasurer informed him that he had six months from the time of the filing of the proof of the service of the notice. Certainly this advice was erroneous but the evidence is overwhelming that respondent relied on it and not upon the notice. Appellant never learned of the alleged notice of redemption until some time after the commencement of this action. The trial court found that she was chargeable with knowledge because there was attached to the tax deed

and recorded with it a certificate to the effect that an affidavit showing service of the notice to redeem was filed in the clerk's office on May 6, 1943. That notice was not sufficient to put her on inquiry. The unsigned notice by Baker was not binding on her and did not constitute any valid notice to her. As already indicated this notice was ineffectual for any purpose. The deed from Baker to appellant had no such notice attached to it. Appellant paid the taxes on this property after the owner failed to redeem and she should not now be deprived of her rights on conjecture or suspicion.

The judgment appealed from should be reversed on the law and facts and the complaint dismissed, with costs to appellant in this court and in the court below.

BREWSTER, FOSTER and LAWRENCE, JJ., concur; HILL, P. J., taking no part.

Judgment reversed on the law and facts and the complaint dismissed, with costs to appellant in this court and in the court below.

This court finds that the tax deed to Baker and the quit claim deed made by Baker to appellant are valid instruments and that appellant is the lawful owner of the premises in question and that respondent has no interest therein. All inconsistent findings in the judgment and in the opinion of the court are hereby reversed.