Roscos V. Elswobth, J.
Defendant Guild Properties, Inc. moved herein to dismiss the three causes of action set forth in the original complaint upon the ground that the same did not set forth facts sufficient to constitute a cause of action; to dismiss the first cause of action on the additional ground that it did not accrue within the time limited by law for the commencement of an action; and to drop Nathan Slud as a party plaintiff under rule 102 of the Rules of Civil Practice. An amended complaint was served after the defendant so moved and it was stipulated by the parties that the original motion be deemed addressed to the amended complaint. As against the amended complaint the defendant moved further to strike therefrom as sham the allegation of paragraph seventeenth that the land was a parcel of land without any buildings and that it was actually described in said assessment as ‘ land and garage ’ ” and also the allegation of paragraph eighteenth that “ the description of the premises as land and garage was wrong ’ ’.
The amended complaint alleges that in June, 1947, the plaintiff Slud purchased from the H. B. G. Holding Corporation certain premises in the town of Thompson, Sullivan County, in the west half of Lot 15, Division 27 of Great Lot 1 of the Hardenburgh Patent by a metes and bounds description and containing 50 acres more or less. In July, 1947, plaintiff Slud conveyed the same premises by the same description to plaintiff Kiamesha Development Corporation. At the time of this transfer the parcel was vacant land but thereafter Kiamesha Development Corporation proceeded to expend more than $100,000 on improvements.
In 1942 this property appeared on the assessment roll of the Town of Thompson as follows:
“ Assessment — Kiamesha Inn, Inc.
Acres — 49
School District No. 11
Great Lot No. 1
Division 27
Lot No. 14
Boundaries: North — Klein; South — Fraser Road.:
East — John Byrne and ano.;
West — Greenberg, Kamenstein, Bailev
Description of Land — Gar.
Value of Land — $250.00
Value of Real Property — $300.00
Total Tax — $27.36 ”
*191 The premises were sold at a tax sale held on July 26, 1944 for said unpaid 1942 taxes to defendant Guild Properties, Inc. for $37.05. On September 4, 1947, said defendant secured a deed from the County Treasurer of Sullivan County and on September 9, 1947 recorded that deed in the Sullivan County Clerk’s office. The deed contained substantially the same description as that on the assessment roll. While the complaint is ambiguous as to whether the property sold at the tax sale is alleged to be the same property as purchased by plaintiff Kiamesha Development Corporation, or another property, the purport of the complaint is that it is one and the same property.
The complaint then alleges that the assessment on which the tax sale was based was erroneous and totally defective since (1) the property in 1942 was owned by H. B. G. Holding Corporation and not by Kiamesha Inn, Inc., (2) the parcel contained 50 acres and was erroneously assessed as a 49-acre parcel, (3) premises were located in Lot 15 and not in Lot 14, (4) the boundaries were improperly described, inaccurate and the property did not close as set forth in the assessment, (5) the land was a parcel of land without any buildings and that it was actually described as “ land and garage ”, (6) the proceedings relating to the assessment were entirely erroneous and defective. The complaint further alleges that no formal notice of said sale was given to the H. B. G. Holding Corporation, the then owner of the premises, and concludes that the sale of the premises for unpaid 1942 taxes was void because of jurisdictional and constitutional defects.
The H. B. G. Holding Corporation and plaintiffs have paid all taxes since 1942 and Guild Properties Inc. has paid no taxes.
A second cause of action realleges the first cause of action and adds certain additional allegations thereto, namely, that Guild Properties has served no notices whatsoever to establish any claim to the premises; that it “ has permitted Kiamesha Development Corporation to improve its property to the extent of more than $100,000, which improvements were made without notice by the plaintiffs of the claim of Guild Properties, Inc.”; that it has paid no taxes but has permitted the plaintiffs and their predecessors in title to pay all taxes against said premises and “ has done nothing whatsoever to establish any claim to said real property and is equitably estopped from making any claim to said premises that it has refrained from asserting any claim or commencing any action and has thereby been guilty of such laches as should in equity bar it from asserting title to the premises.
*192 The third cause of action realleges the first two causes of action and adds certain additional allegations, namely, that the deed from H. B. G. Holding Corporation to Nathan Slud contained covenants that the premises were free and clear of encumbrances, which covenants were breached by the existence of the above tax deed.
Plaintiffs seek to have the tax deed declared void and the title of Kiamesha Development Corporation quieted.
First to be considered is the motion to strike from the complaint as sham the allegations of the complaint that the premises in 1942 were erroneously assessed as land and a garage. The affidavits submitted by defendant Guild Properties, Inc. conclusively show that there was a building denominated as a garage, although perhaps more correctly denominated as a barn, on the premises in 1942 and plaintiffs’ affidavits do not clearly refute them. A sham allegation is an allegation that is good in form but false in fact, and which is so demonstratively false as to leave no reasonable doubt in the mind of the court as to its falsity (People v. McCumber, 18 N. Y. 315; Santasiero v. Briggs, 278 App. Div. 15, 21). That motion to strike is accordingly granted.
In connection with the motion to dismiss for failure to state facts sufficient to constitute a cause of action, the rule is well established that for the purpose of such a motion every material allegation of fact and every fact which can be legitimately drawn therefrom is deemed admitted. Every reasonable intendment and fair inference must be given to the complaint.
The plaintiffs set forth several distinct allegations to substantiate their claim that the 1942 assessment was void. It is alleged that the property at the time was owned by the H. B; G. Holding Corporation and not by Kiamesha Inn, Inc. to which it was assessed. An assessment is not invalidated solely because the property is not assessed to the true owner. (Tax Law, § 9.) Section 55-a of the Tax Law provides in part: “ The entry of the name of the owner, last known owner or reputed owner of a separate parcel or portion of real property shall not be regarded as part of such assessment, but merely as an aid to identify such parcel upon the roll.” (Hunt v. Dekin, 187 Misc. 649, affd. 273 App. Div. 800, affd. 298 N. Y. 575; Witherhead v. Ort, 223 App. Div. 626, affd. 249 N. Y. 567; Matter of Becraft v. Strobel, 158 Misc. 844; Dillwood Corp. v. Manning, 184 Misc. 1067.) However, assessing a parcel to one who is not the owner should, with other circumstances beclouding identification, be considered as an element indicating whether or not such assessment is susceptible of identification and valid.
*193 No important significance can be attached to the fact that the parcel was assessed as 49 acres and the 1947 deeds specify 50 acres more or less. It is common knowledge that with respect to rural properties there is frequently a wide variation between the assessment and deed acreage. An assessment of 49 acres on a parcel of 50 acres, more or less, is such a slight variation, if any, that it could not reasonably have tended to confuse the property owner.
The premises were assessed as Lot 14, Division 27, Great Lot 1, whereas it is located in the west half of Lot 15, Division 27 of Great Lot 1. Plaintiffs maintain that the incorrect location of the premises as being in Lot 15 renders the assessment fatally defective. The lot designation in the present case is merely one of several descriptive items. This case is not analogous to the situation in Dike v. Lewis (2 Barb. 344) wherein a parcel was incorrectly assessed as Lot 228 instead of Lot 227, but where the statute provided that the number of the lot was the only necessary designation; nor to the situation in Tollman v. White (2 N. Y. 66), where property was incorrectly assessed as being in Lodi Village whereas it was in fact situated in Syracuse Village and the properties in the different villages were assessed on different parts of the assessment roll under the villages where located; nor to the situation in Seafire Inc. v. Ackerson (193 Misc. 965, affd. 275 App. Div. 717, affd. 302 N. Y. 668), where land was assessed under the subdivisions of “ described property ” and “ subdivided property ” and the particular premises were assessed on the wrong part of the assessment roll under “ subdivided property ” and the County Treasurer himself was unable to locate the particular assessment. However, an assessment with the wrong lot number might be one of several errors contributing to produce material defect.
Plaintiffs have also attacked the 1942 assessment on the grounds “ that the boundaries were improperly described and that the property did not close as set forth in the assessment ” and “ the boundaries were inaccurate and the parcel did not close.” Defendant takes the position that these allegations should be disregarded on the gounds that they are conclusions of law and the plaintiffs do not specify just how the boundaries are inaccurate. The allegations that the boundaries are improperly described and inaccurate are not conclusions of law and must be deemed to be admitted for the purpose of this motion. They are the ultimate facts and are not merely general conclusions. The plaintiffs are not required to plead the evidentiary facts. (Civ. Prac. Act, § 241; Kalmanash v. *194 Smith, 291 N. Y. 142; Gerdes v. Reynolds, 281 N. Y. 180; California Packing Corp. v. Kelly Stor. & Distr. Co., 228 N. Y. 49, 54; Rockefeller v. Kellas, 222 App. Div. 368, 370 wherein the court said: “A complaint states a cause of action if, under its allegations, evidence may be admitted which will prove a cause of action; and the plaintiff is entitled to all the facts that may be fairly implied from the allegations by reasonable and fair intendment.”)
There is then deemed admitted the following material allegations of the complaint: (1) the assessment was made to the wrong owner, (2) the lot in which the premises were located was misdescribed, and (3) the boundaries were inaccurate. So the question is presented as to whether property assessed in the name of the wrong owner with an incorrect lot number and inaccurate boundaries constitutes a valid assessment.
Section 55-a of the Tax Law provides in part: “ An error in the description of a parcel or portion of real property shall not invalidate the assessment against such parcel or portion, if such description is sufficiently accurate to identify the parcel or portion. ’ ’
It must be recognized, therefore, that all errors do not vitiate an assessment and that the errors must be of such magnitude that the description is not sufficiently accurate to identify the parcel (see McCoun v. Pierpont, 232 N. Y. 66), but an assessment description in the name of a nonowner with a wrong lot designation and inaccurate boundaries, despite other correct descriptive date, is not a sufficiently accurate identification of the property here to justify denial to plaintiffs of a right of trial under their complaint.
The defendant argues that Kiamesha Inn is the local name under which the premises were known and under which it was assessed for many years. It also argues that the plaintiffs and their predecessors in title were not misled since the property was assessed under that name from 1934 to 1948 and all taxes paid except the taxes based on the 1942 assessment. These arguments may be established as true on a trial, but here the court is confined to the four corners of the complaint itself. The complaint does allege that plaintiffs and their predecessors in title paid all taxes since 1942 and defendant argues from that it must be inferred they were not misled. This inference cannot be drawn, since even if the property were assessed under the same name of Kiamesha Inn after 1942, an allegation to that effect does not appear in the complaint.
Defendent also moves, as heretofore stated, to dismiss the first cause of action because of the Statute of Limitations.
*195 In connection with the first cause of action, it is immaterial that no personal notice was given to the owner of the tax sale on notice to redeem inasmuch as the three-year Statute of Limitations has elapsed since the date of the tax sale (Tax Law, § 137; Mabie v. Fuller, 255 N. Y. 194; Callahan v. Underwood, 260 App. Div. 352, affd. 285 N. Y. 620).
Under section 131 of the Tax Law, after two years from the date of the record of the tax deed there is a conclusive presumption that the sale and all proceedings prior thereto, from and including the assessment of lands sold, and that all notices required by law to be given previous to the expiration of the time allowed by law for the redemption thereof, were regular and in accordance with all the provisions of law relating thereto (Mongaup Val. Co. v. Orange Rod & Gun Club, 253 App. Div. 465, affd. 280 N. Y. 582). That presumption applies here since this action was not started within two years from the date of the record of the tax deed.
Section 132 provides for a five-year Statute of Limitations from the expiration of the period allowed by law for the redemption of lands sold at the particular sale sought to be cancelled by reason of the payment of such taxes, or by reason of the levying of such taxes by a town having no legal right to assess the land on which they are laid, or by reason of any defect in the proceedings affecting jurisdiction upon constitutional grounds. The time to redeem expired in September, 1947 and the present action was commenced within five years of that time. The establishment of an assessment to the wrong owner, with an incorrect lot number and improperly described and inadequate boundaries, is a jurisdictional defect on which the Statute of Limitations had not run at the time of the commencement of this action (Hunt v. Dekin, 187 Misc. 649, supra; Helterline v. People, 295 N. Y. 245; Dunkum v. Maceck Bldg. Corp., 256 N. Y. 275; Joslyn v. Rockwell, 128 N. Y. 334; Shea v. Campbell, 71 Misc. 222, 230; People ex rel. Staples v. Sohmer, 150 App. Div. 8, affd. 206 N. Y. 39). In the last-cited case, the Appellate Division said (p. 11): “ An imperfect description, as alleged by relators, in the assessment rolls sufficient to avoid the tax deed seems to fall within the class any defect in the proceedings affecting the jurisdiction, ’ so that any application now based thereon is barred by the statute.” The plaintiffs’ first cause of action on its face alleges a good cause of action, not barred by the Statute of Limitations, against the moving defendant. It does not allege a good cause of action in favor of plaintiff Slud, who owned the property for approximately one month *196 in 1947. Ownership during that period appears to be the only basis of his joinder as plaintiff and such is insufficient.
The second cause of action is based upon the allegations that plaintiffs and their predecessors in title have paid all taxes since 1942; that defendant has done nothing affirmatively to establish any claim or title; that defendant has ‘ ‘ permitted ’ ’ plaintiff to expend over $100,000 in improvements on the property without notice of defendant’s claim. Defendant says that the most that can be drawn therefrom is that it has been silent during a period when plaintiffs were charged with constructive notice of the tax sale. While the complaint does not explicitly allege that the improvements were made with the knowledge of defendant, the fair intendment and reasonable inference from the allegation that defendant ‘ permitted ’ ’ the same is that they were constructed with the knowledge of defendant.
It is an ancient principle of our law that one who under a mistaken belief that he is the owner of real estate makes improvements cannot recover compensation from the owner. (Frear v. Hardenbergh, 5 Johns. 272.) But it was long ago recognized that an equitable claim on account of the making of improvements may be asserted against one coming into equity for relief. (Putnam v. Ritchie, 6 Paige Ch. 390.) In Wendell v. Van Rensselaer (1 Johns. Ch. 344) a grantee kept secret for several years his purchase of certain property, and purchaser of parts of the property made improvements thereon to the knowledge of the said grantee. The court held him to be estopped to question the title of the purchaser who makes improvements, saying (p. 354): “ There is no principle better established in this Court, nor one founded on more solid considerations of equity and public utility, than that which declares, that if one man, knowingly, though he does it passively, by looking on, suffers another to purchase and expend money on land, under an erroneous opinion of title, without making known his claim, he shall not afterwards be permitted t’o exercise his legal right against such person. It would be an act of fraud and injustice, and his conscience is bound by this equitable estoppel.” (See, also, Town v. Needham, 3 Paige Ch. 545.)
Nevertheless, defendant, partly because it is not seeking-equity but rather defending itself, takes the position that silence in this ease did not effect an estoppel, and relies on New York Rubber Co. v. Rothery (107 N. Y. 310) in which the court held (p. 316) that “ In cases of silence there must be not only the right but the duty to speak before a failure so to do can estop the owner ”. The facts of that case are in no way analogous to *197 the instant situation. There the property owner was building on his own land and not on that of another. As the court pointed out (p. 314): “ The simple case is presented of an owner of land standing by and seeing an owner of adjoining land make such use of his own land, as he had a right to do without informing him that if he proceeded thereafter to do an illegal act it would not be permitted. ’ ’ There the owner making the improvements knew the extent of its title and no actual ignorance of an outstanding title was present as in this case.
Likewise, in Noble v. Echo Lake Tavern (142 Misc. 427, affd. 228 App. Div. 743) cited by the defendant, a property owner built expensive buildings on his own property and another property owner knew that they were bnilt with the expectation of using Echo Lake. The court held there was no estoppel in questioning the right to use the lake and distinguished the present situation in this language (p. 429): “ In conscience he ought to speak when there is a right and duty to speak. The doctrine has only been applied in cases where conscience dictates the performance of the duty to speak. A duty to speak does not arise except when the owner’s property is being improved, or appropriated by another. One may not sit passively and allow his property to be sold or conveyed, nor may he silently suffer it to be improved with expensive structures and later receive the aid of equity. But where the neighbor, as here, is building structures on his own property, and there is not actual invasion of the plaintiff’s property, there arises no duty to speak, even though the plaintiff appreciates that the defendant, in extending its boarding-honse capacity, fully expects that its guests will be afforded the use of the lake. ’ ’
Defendant also relies on Viele v. Judson (82 N. Y. 32), in which the court held there was no estoppel in a case where a mortgagee fraudulently discharged a mortgage which he had previously assigned and laid down the general rule that a man cannot be estopped because he did not bring a lawsuit. That case is distinguishable from the present one where silence is alleged to have misled in that (p. 40): “ Judson was misled by the state of a part of the record, not by Viele’s silence ”. The court therein analyzed its own cases on the subject of equitable estoppel and said (p. 40): “ In all of them the silence operated as a fraud and actually itself misled. In all there was both the specific opportunity and apparent duty to speak. And, in all, the party maintaining silence knew that some one was relying upon that silence, and either acting or about to act as he would not have done had the truth been told. These elements are *198 essential to create a duty to speak. We do not find them in the case at bar.”
Nor was anything decided in Woodhull v. Rosenthal (61 N. Y. 382) hostile to the present action. In that case the first assignee of a lease brought an ejectment action against the second assignee who spent $25,000 in improvements. It was held that there was no estoppel for the reason that he had actual notice and knowledge of the prior lease and was not misled.
Defendant urges that plaintiffs had constructive notice of the tax sale and estoppel cannot be applied for that reason. One may be a purchaser in good faith even if a more careful examination of the records would show title was bad. ‘‘ [A] bonce fidei possessor ’ ’ of land is one who ‘ ‘ not only supposes himself to be the true proprietor of the land, but who is ignorant that his title is contested by some other person claiming a better right to it.” (Green v. Biddle, 21 U. S. 1, 79; Canal Bank v. Hudson, 111 U. S. 66). Even if a person has constructive notice but in fact is ignorant and improves his property while another party with a better title silently stands by and watches the improvements, equity and good conscience estops the silent watcher from later asserting his title. But for silence to work an estoppel the silence must amount to bad faith and be of such a nature as to induce another to alter his position so that it becomes unconscionable to permit the person remaining silent to enforce his rights.
In Rothschild v. Title Guar. & Trust Co. (204 N. Y. 458), the court said that equitable estoppel (p. 462) “ requires that the party against whom it acts remained silent when he had the opportunity of speaking and when he knew or ought to have known that his silence would be relied upon, and that action would be taken or omitted which his statement of the truth would prevent, and that injury of some nature or in some degree would result ” and (p. 464) “ it prohibits a person, upon principles of honesty and fair and open dealing, from asserting rights, the enforcement of which would, through his omissions or commissions, work fraud and injustice. ’ ’
There are many examples in our law of the granting of equitable relief in cases where improvements have been made on premises and an interested party has misled through silence. In Hall v. Fisher (9 Barb. 17), plaintiffs, who lost property at an execution sale and failed to redeem because the amount paid was 30 cents short, sued in equity to compel a conveyance. The defendant stood by and suffered plaintiffs to expend money on the premises in the erection of valuable buildings and machinery connected with the mining of iron ore, without making known a *199 claim to share of the ore bed under a purchase at Sheriff’s sale. In granting relief, the court said (p. 31): “ Having so stood by and suffered their expenditures to be made, principles of equity would not permit him afterwards to assert his title against the plaintiffs. Under the circumstances of this ease the court ought to go further than merely compel Fisher or his assignees to pay the plaintiffs a compensation for their improvements. It should hold Fisher estopped in equity, as against the plaintiffs, from exercising any legal right whatever to their one-fourth of the ore bed.”
In Mickles v. Dillaye (17 N. Y. 80), a mortgagee in possession believed he had good title. For several years before and after the making of improvements the mortgagors failed to assert any interest in the premises. The court held that the mortgagors on asking the aid of equity to redeem will be compelled to pay the value of the improvements even though they exceeded rents and profits, saying (p. 84): “It is easy to see that an examination, such as a very cautious man would have made, would have shown the invalidity of the foreclosure. But the omission to make an examination was not such gross negligence as to charge the defendant with bad faith. ’ ’
In Jones v. Duerk (25 App. Div. 551), a tenant in common who made substantial changes and improvements on the premises in the honest belief that he was the sole owner and in sole occupation was held entitled to an equitable lien to the extent of the beneficial improvements. Nor was the fact that the relationship there was that of tenants in common held controlling.
In Levinson v. Myers (100 Misc. 379, affd. 188 App. Div. 946), an ejectment action was brought by owners of a property which had been sold for taxes and which was improved by the tax sale purchasers with the knowledge of the owners. The court dismissed the complaint and found the silence of the owners was fraudulent. It said (pp. 384-385): “ They [the plaintffs] knew the reward of silence. If they failed to forbid the improvements, or the defendant Myers the premises, they knew their land would be improved and they financially benefited. Besting under the duty of speaking they remained silent. Honesty requiring they should make their ownership known, they failed to assert it. Such conduct was not honest. It was fraudulent.”
If the second cause of action be given even fair intendment, it alleges so far as Kiamesha Development Corporation is concerned a cause of action based on an equitable estoppel in that defendant silently stood by and with knowledge permitted plaintiff Kiamesha Development Corporation to construct buildings and improvements on the premises in question. Legal rules *200 exist for ‘‘ the attainment of a just result ’ ’ and ‘ ‘ There will be no assumption of a purpose to visit venial faults with oppressive retribution ” (Jacob & Youngs v. Kent, 230 N. Y. 239, 242, Cardozo, J.).
Plaintiff Slud is not a proper party plaintiff under the second cause of action. The construction of any improvements took place after he divested himself of the property.
Admittedly, the third cause of action is not against Guild Properties, Inc.
Accordingly, the motion to strike out Nathan Slud as a party plaintiff in the first and second causes of action as against defendant Guild Properties, Inc. is granted; the motion to strike out Guild Properties, Inc. as a party defendant in the third cause of action is granted; the motion to strike out the allegations of the complaint ‘ that the land was a parcel of land without any buildings and that it was actually described in said assessment as ‘ land and garage ’ ” and that “ the description of the premises as land and garage was wrong ” is granted, and the motions in all other respects are denied.
No costs allowed to either party.
Submit order.