Joseph F. Farlo, J.
There are essentially four parties to this lawsuit: Plaintiff Rainbow Commercial Alliance Inc., the defendants John P. Licciardi and Catherine Licciardi, the third-party defendants sued herein as Victor and Sandra Passarella, doing business as V & B Discount Meats, and V & B Discount Meats, Inc., not sued herein but hereinafter referred to as the "company.”
The above matter comes before this court on essentially the following facts. The defendant Licciardi answered an advertisement, placed by the company which in essence offered persons not having the space to purchase a freezer and store large quantities of meat available at wholesale price (because of quantity and bulk) to take advantage of the "company” facilities. The "company” sold large quantities of meat to a prospective purchaser, delivered same to their own warehouse in a segregated fashion and the purchaser would draw from the warehouse in accordance with his needs.
On November 10, 1975, the purchaser, the defendant in this action, executed a "delivery receipt” acknowledging receipt of 144 pounds of meat to be stored at the company’s premises and also a retail installment agreement in the total sum of $406.36, payable over a period of six months at $66.50 per month, first payment due December 10, 1975.
On November 11, 1975, the retail installment contract executed by the above defendant was assigned to Rainbow Commercial Alliance, Inc., the plaintiff in this action. The plaintiff on the same date mailed a form letter to the defendant which contains in part the following statement: "If the goods described in the enclosure with this notice have not been delivered to you by the seller or are not now in your possession; or, if the seller has not fully performed all his agreements with you; you must notify the assignee in writing within ten days.”
During the month of November, 1975, defendant withdrew two meat packages in accordance with his needs and on December 10 paid his first installment to plaintiff. Several days later in December, 1975, defendant visited the "company” premises for the purpose of withdrawing a third supply of meat, but discovered the company was out of business.
Plaintiff in this suit, irrespective of the fact that the court’s reading of the assignment agreement clearly establishes a right to rescind the assignment and obligates the "company” to "repurchase said retail installment obligation on demand *843 * * * including all charges, fees and other expenses incurred” decided to sue the defendant, for goods sold and delivered.
Plaintiff, although acknowledging that defendant never received $342.49 worth of meat, nevertheless contends that the doctrine of estoppel by action in pais, or equitable estoppel controls this situation. His entire argument rests upon the proposition that since the defendant signed the delivery receipt and failed to respond to plaintiff’s form letter above-described, plaintiff was thus induced to purchase the contract, and the doctrine of equitable estoppel applies. As authority for this proposition plaintiff quotes New York Jurisprudence (vol 21, Estoppel, § 50) and Page v Krekey (137 NY 307). Using plaintiff’s citations, let us examine same:
New York Jurisprudence (vol 21, Estoppel, § 50) reads "[Equitable estoppel] is applied in situations where one of two persons, both of whom are innocent of an intent to defraud or commit a wrong, must suffer for the wrong or fraud of a third person, to make the one whose act enabled the third person to perpetuate the fraud bear the loss.” (Note the word "innocent.”)
It is that word "innocent” that forecloses the plaintiff’s position. The credible testimony at the trial and the factual holding of the court is that the plaintiff was very much aware of the company’s business operations. The whole inducement for the defendant to enter the contract was his reliance on partial delivery as his needs developed and for the meat to be held in storage by the company. If there be an innocent party, it was the defendant. As to the form letter, the use of same when the plaintiff had knowledge that there was no full delivery or full possession of the entire meat stock precludes the use of the doctrine of equitable estoppel.
To apply the doctrine of estoppel the plaintiff who claims estoppel must show (1) lack of knowledge and/or the means of knowledge of the truth as to the facts in question; (2) good faith; (3) reliance upon the conduct of party estoppel; and (4) action based thereon of such a character as to change his position prejudicially. (21 NY Jur, Estoppel, § 60.) The court finds none of these elements existed.
To illustrate just one element, the failure to respond to the form letter, where both parties have the same knowledge of the true facts, in the absence of fraud or bad faith, there can be no estoppel. (Matter of Saunders, 129 App Div 406.) Going one step further, for silence to work an estoppel, it must *844 amount to bad faith and be of such a nature as to induce another to alter his position so that it becomes unconscionable to permit the person remaining silent to enforce his right. (Slud v Guild Props., 6 Misc 2d 188.)
This court concludes that the plaintiff took the assignment subject to all of the defenses the defendant had against the assignor and since the defendant is not liable for the payment of merchandise he did not receive, the assignee may not recover against the defendant.
In view of the foregoing, and based upon the fair preponderance of evidence received on trial, the plaintiff has failed to prove a cause of action against the defendant.
As to the defendants’ third-party plaintiff action against the third-party defendants, the pleadings and all credible evidence introduced at trial show that V & B Discount Meats, Inc., was a separate entity, with no individual liability attaching to the third-party defendants, Victor and Sandra Passarella, its officers.
Accordingly, judgment is rendered in favor of the defendants against the plaintiff. The defendants’ third-party cross claim is dismissed without costs and disbursements.
All motions upon which decision was reserved and disposition of which is not implicit in this decision are denied.